UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN
_____

TIA PARADIS,

      Plaintiff,

           v.                  Case No.: 16-CV-225

DAN NICHOLS (in his individual and official capacity),
RICH DAVIDSON (in his individual and official capacity), and
DOUGLAS COUNTY,

      Defendants.
_____

## COMPLAINT
_____

NOW COMES THE PLAINTIFF, Tia Paradis, by her attorneys, Atterbury, Kammer & Haag, Alexander S. Kammer, and Gingras, Cates & Luebke by Paul A. Kinne, and hereby states the following as her Complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1.    This is a civil action under 42 U.S.C. sec. 1983, the Fourth and Fourteenth Amendments to the United States Constitution, including but not limited to the Substantive Due Process Clause, brought to redress the cruel and unusual punishment and the violation the defendants inflicted upon Tia Paradis, and/or the violation of Tia Paradis' right to bodily integrity by the defendants' deliberate indifference to Paradis' serious medical condition of frostbitten hands and fingers.

### PARTIES

2.    At all times relevant to this action, Tia Paradis has been an adult resident of the State of Minnesota.

3. At all times relevant hereto, Dan Nichols ("Nichols") was employed by Douglas County. All conduct attributed to him was undertaken in his individual capacity, within the scope of his employment, and under color of state law.

4. At all times relevant hereto, Rich Davidson ("Davidson") was employed by Douglas County. All conduct attributed to him was undertaken in his individual capacity, within the scope of his employment, and under color of state law.

5. Douglas County is a municipal corporation organized pursuant to the laws of the State of Wisconsin.

## JURISDICTION AND VENUE

6. This court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. sec. 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. secs. 1331 and 1343.

7. Venue in the Western District of Wisconsin pursuant to 28 U.S.C. sec. 1391 is proper insofar as the defendant parties are or were located in this district, and the events giving rise to the claims took place within this district.

## FACTUAL ALLEGATIONS

8. Douglas County operates the Douglas County Jail and is responsible for setting policies for the treatment of detainees, specifically at intake (booking).

9. Douglas County is required to establish and implement policies and procedures designed to identify serious medical conditions from which detainees suffer at the time of booking or intake, and it is required to establish and implement policies and procedures for the care and observation of detainees once they are placed in a cell.

10.     On February 14, 2015, at approximately 2:00 a.m., police officer Gary Kneisl of the Superior Police Department arrested Paradis on a charge of trespassing and transported her to the Douglas County Jail.

11.     The evening of February 13 and 14, 2015, was bitterly cold. Paradis had been out in the cold with no protection for her hands for an undetermined amount of time.

12.     At about 2:10 a.m., Davidson completed a property listing for Paradis.  Paradis' hands were too injured to sign the property list form.

13.     At about 2:21 a.m., Nichols completed a medical intake screening form.  Nichols noted abrasions on Paradis' hands.

14.     Paradis' hands were too injured to give fingerprints at booking.

15.     While in booking, Paradis complained about the pain and injury to her hands.

16.     Nichols and Davidson knew that Paradis was intoxicated; that her hands showed signs of injury; that her bare hands had been exposed to extreme cold for an undetermined amount of time; that she was unable to sign the property forms; that Paradis complained of pain and injury to her hands; and that her hands were too injured to be fingerprinted.

17.     Nichols and Davidson were deliberately indifferent to this information.  They took no action to provide Paradis with any treatment for her injured hands.  Instead, they placed her in a cell.

18.     Different Douglas County employees discovered Paradis at about 8:30 a.m. on February 14, with severely frostbitten hands.

19.     Paradis ultimately suffered a finger amputation because of the frostbite.  She also suffers other residual injuries from the frostbite.

20. The multi-hour delay in treatment caused severe injury to Paradis; had the frostbite been identified at the time of booking/intake, she would have avoided the amputation and other injuries.

21. Given Superior's northern latitude, frostbite is a known health risk for detainees taken to the Douglas County Jail in the winter months.

22. Douglas County provided no training to its staff to recognize frostbite symptoms in detainees, nor did it provide any training on how to address said symptoms.

23. Douglas County has no policies, procedures or protocols with respect to the identification of frostbite symptoms in detainees, or with respect to how to address said symptoms.

**FIRST CAUSE OF ACTION AGAINST NICHOLS AND DAVIDSON – VIOLATION OF PARADIS' SUBSTANTIVE DUE PROCESS RIGHTS THROUGH DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED – INDIVIDUAL CAPACITY CLAIMS**

24. Plaintiff states the preceding paragraphs as if set forth fully herein.

25. By ignoring the clear signs of injury, particularly frostbite, Nichols and Davidson were deliberately indifferent to Paradis' serious medical condition (frostbitten hands).

26. The violation of Paradis' rights by Nichols and Davidson was intentional.

27. Nichols' and Davidson's conduct, considered together or singularly, caused Paradis severe and permanent physical, emotional, psychological and economic injuries.

**FIRST CAUSE OF ACTION AGAINST DOUGLAS COUNTY -- VIOLATION OF PARADIS' SUBSTANTIVE DUE PROCESS RIGHTS THROUGH DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED – OFFICIAL CAPACITY CLAIM**

28. Plaintiff states the preceding paragraphs as if set forth fully herein.

29. Douglas County's knowing failure to have policies, procedures and/or protocols by which frostbite could be identified at booking/intake and acted upon violated Paradis' rights as set forth in the Fourth and Fourteenth Amendments to the United States Constitution, as such failure demonstrates a deliberate indifference to a known serious medical condition.

30. Douglas County's conduct alleged in the previous paragraph caused Paradis severe and permanent physical, emotional, psychological and economic injuries.

## SECOND CAUSE OF ACTION AGAINST DOUGLAS COUNTY, IN THE ALTERNATIVE - NEGLIGENCE

31. Plaintiff states the preceding paragraphs as if set forth fully herein.

32. By failing to recognize and act upon Paradis' frostbitten hands and fingers, as described in this complaint, Douglas County, by the actions of its employees, was negligent.

33. This negligence has cause Paradis severe and permanent physical, economic and psychological injuries.

## PUNITIVE DAMAGES

34. Plaintiff states the preceding paragraphs as if set forth fully herein.

35. By engaging in the conduct set forth in this complaint, Nichols and Davidson acted maliciously, intentionally or with a reckless disregard for Paradis' rights, giving rise to a claim for punitive damages.

WHEREFORE, the plaintiff demands a trial by jury and the following relief:

a. Judgment in an amount sufficient to compensate Paradis for her injuries and losses;

b. Equitable relief designed to prevent future violations of the law;

c. Punitive damages sufficient to punish the individual defendants and deter others

        from acting similarly in the future;

d.     Pre- and post-judgment interest;

e.     An award of attorneys' fees and costs; and

f.     Any other relief the Court deems just to award.

Dated this 11th day of April, 2016.

                              **s/ Alexander S. Kammer**
                              Attorney Alexander S. Kammer
                              State Bar No.:   1027509
                              Atterbury, Kammer & Haag
                              8500 Greenway Blvd. Suite 103
                              Middleton, WI   53562
                              Telephone: 608-821-4600
                              Fax: 608-821-4610
                              akammer@wiscinjurylawyers.com

                              **s/ Paul A. Kinne**
                              Attorney Paul A. Kinne
                              State Bar No. 1021493
                              Gingras, Cates & Luebke
                              8150 Excelsior Drive
                              Madison, WI 53717
                              Telephone: 608-833-2632
                              Fax: 608-833-2874
                              kinne@gcllawyers.com