UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

TIA PARADIS,                                      Case No. 16-cv-225

           Plaintiff,

v.

DOUGLAS COUNTY, et al.,

           Defendants.

---

### DEFENDANTS DAN NICHOLS, RICH DAVIDSON AND DOUGLAS COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES

---

Defendants Dan Nichols, Rich Davidson, and Douglas County, by their attorneys, Crivello Carlson, S.C., hereby submit the following Answer and Affirmative Defenses to Plaintiff's Complaint:

### NATURE OF PROCEEDINGS

1. Answering ¶ 1, deny any wrongdoing by these answering defendants as alleged or otherwise, deny that the Plaintiff's rights were violated or infringed upon by these answering defendants, and affirmatively assert that the Defendants' actions were lawful under the circumstances. As further answer, these answering defendants lack information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny the same and put Plaintiff to her burden of proof thereon.

### PARTIES

2. Answering ¶ 2, lack information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to her burden of proof thereon.

3. Answering ¶ 3, admit that Dan Nichols was employed by Douglas County and was acting in the course and scope of his employment at all times material; as further answer, these answering defendants lack information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny the same and put Plaintiff to her burden of proof thereon.

4. Answering ¶ 4, admit that Rich Davidson was employed by Douglas County and was acting in the course and scope of his employment at all times material; as further answer, these answering defendants lack information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny the same and put Plaintiff to her burden of proof thereon.

5. Answering ¶ 5, admit.

## JURISDICTION AND VENUE

6. Answering ¶ 6, admit.

7. Answering ¶ 7, admit.

## FACTUAL ALLEGATIONS

8. Answering ¶ 8, admit that Douglas County through its Sheriff's Office operates the Douglas County Jail; as further answer, deny that Plaintiff's allegations are accurate and/or complete and, therefore, deny the same and put Plaintiff to her burden of proof thereon.

9. Answering ¶ 9, deny that Plaintiff's allegations are accurate and/or complete and, therefore, deny the same and put Plaintiff to her burden of proof thereon.

10. Answering ¶ 10, admit that the Plaintiff was arrested; as further answer, deny that Plaintiff's remaining allegations are accurate and/or complete and, therefore, deny the same and put Plaintiff to her burden of proof thereon.

11. Answering ¶ 11, lack information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny the same and put Plaintiff to her burden of proof thereon.

12. Answering ¶ 12, admit that a property inventory was completed; as further answer, deny that Plaintiff's remaining allegations are accurate and/or complete and, therefore, deny the same and put Plaintiff to her burden of proof thereon.

13. Answering ¶ 13, admit that a medical intake screening form was completed; as further answer, deny that Plaintiff's remaining allegations are accurate and/or complete and, therefore, deny the same and put Plaintiff to her burden of proof thereon.

14. Answering ¶ 14, lack information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny the same and put Plaintiff to her burden of proof thereon.

15. Answering ¶ 15, lack information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny the same and put Plaintiff to her burden of proof thereon.

16. Answering ¶ 16, deny that Plaintiff's allegations are accurate and/or complete and, therefore, deny the same and put Plaintiff to her burden of proof thereon.

17. Answering ¶ 17, deny.

18. Answering ¶ 18, deny that Plaintiff's allegations are accurate and/or complete and, therefore, deny the same and put Plaintiff to her burden of proof thereon.

19. Answering ¶ 19, lack information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny the same and put Plaintiff to her burden of proof thereon.

20. Answering ¶ 20, deny.

21. Answering ¶ 21, lack information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny the same and put Plaintiff to her burden of proof thereon.

22. Answering ¶ 22, deny that Plaintiff's allegations are accurate and/or complete and, therefore, deny the same and put Plaintiff to her burden of proof thereon.

23. Answering ¶ 23, deny that Plaintiff's allegations are accurate and/or complete and, therefore, deny the same and put Plaintiff to her burden of proof thereon.

**FIRST CAUSE OF ACTION AGAINST NICHOLS AND DAVIDSON – VIOLATION OF PARADIS' SUBSTANTIVE DUE PROCESS RIGHTS THROUGH DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED – INDIVIDUAL CAPACITY CLAIMS**

24. Answering ¶ 24, these answering Defendants restate and reallege all answers, denials, and affirmative defenses contained in their Answer.

25. Answering ¶ 25, deny.

26. Answering ¶ 26, deny.

27. Answering ¶ 27, deny.

**FIRST CAUSE OF ACTION AGAINST DOUGLAS COUNTY – VIOLATION OF PARADIS' SUBSTANTIVE DUE PROCESS RIGHTS THROUGH DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED – OFFICIAL CAPACITY CLAIM**

28. Answering ¶ 28, these answering Defendants restate and reallege all answers, denials, and affirmative defenses contained in their Answer.

29. Answering ¶ 29, deny.

30. Answering ¶ 30, deny.

## SECOND CAUSE OF ACTION AGAINST DOUGLAS COUNTY, IN THE ALTERNATIVE – NEGLIGENCE

31. Answering ¶ 31, these answering Defendants restate and reallege all answers, denials, and affirmative defenses contained in their Answer.

32. Answering ¶ 32, deny.

33. Answering ¶ 33, deny.

## PUNITIVE DAMAGES

34. Answering ¶ 34, these answering Defendants restate and reallege all answers, denials, and affirmative defenses contained in their Answer.

35. Answering ¶ 35, deny.

## AFFIRMATIVE DEFENSES

These answering Defendants, by their attorneys, Crivello Carlson, S.C., submit the following Affirmative Defenses to Plaintiff's Complaint:

a. the Court may lack jurisdiction over these answering defendants because the Plaintiff failed to properly serve these answering defendants with a summons and complaint;

b. the injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of Plaintiff and the failure to mitigate;

c. the injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than these answering Defendants;

d. these answering Defendants are immune from suit under common law and statutory immunities and privileges, including qualified immunity and discretionary immunity;

e. to the extent that Plaintiff seeks to pursue claims under Wisconsin substantive law, plaintiff's claims are subject to the prerequisites, limitations and immunities contained in Wis. Stat. § 893.80;

f. any and all injuries or damages sustained by Plaintiff are the result of an intervening and/or superseding cause preventing Plaintiff a right of recovery against these answering Defendants;

g. the acts of these answering Defendants were in good faith and not motivated by malice or intent to harm;

h. Plaintiff's Complaint fails to state claims upon which relief may be granted;

i. Plaintiff may have failed to join all necessary parties;

j. Plaintiff's claim for punitive damages is contrary to Wisconsin law, the Wisconsin Constitution, and the United States Constitution; and

k. these answering Defendants reserve the right to amend this Answer to assert additional defenses as discovery proceeds.

WHEREFORE, Defendants Dan Nichols, Rich Davidson, and Douglas County respectfully demand judgment as follows:

A. For dismissal of Plaintiff's Complaint, on the merits and with prejudice;

B. For costs and disbursements of this action;

C. For reasonable actual attorney fees per 42 U.S.C. § 1988; and

D. For such other and further relief as this court may deem just and equitable.

**A DEMAND IS HEREBY MADE FOR A TRIAL BY JURY**

Dated this 3rd day of May, 2016.

> BY: s/Timothy M. Johnson
> SAMUEL C. HALL, JR.
> State Bar No.: 1045476
> TIMOTHY M. JOHNSON
> State Bar No.: 1052888
> Attorneys for Dan Nichols, Rich Davidson and Douglas County
> CRIVELLO CARLSON, S.C.
> 710 North Plankinton Avenue
> Milwaukee, Wisconsin  53203
> 414-271-7722
> shall@crivellocarlsom.com
> tjohnson@crivellocarlson.com